MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION *vs.* COMMISSIONER OF CORRECTION & another.[1] April 25, 2001. *Arbitration,* Confirmation of award, Claim preclusion. *Labor,* Arbitration. *Correction Officer.*

This case involves issues identical to those resolved today in *DaLuz* v. *Department of Correction, ante* 40 (2001): (1) whether the doctrine of claim preclusion bars subsequent court proceedings after judicial confirmation of an arbitrator's ruling on the subject of assault pay benefits; and (2) the proper calculation of assault pay benefits due certain partially disabled employees of the Commonwealth.

The claim presented by the union's action for declaratory relief is identical to the claim it previously arbitrated as a class action grievance. As to the identity of the parties, the union is the duly recognized and certified collective bargaining representative for all employees of the Department of Correction in statewide unit 4 (institutional security). As such, the union is obligated to represent all members of that bargaining unit regardless of whether they are members of the union. See G. L. c. 150E, § 5. See also *Leahy* v. *Local 1526, Am. Fed'n of State, County, & Mun. Employees,* 399 Mass. 341, 347 (1987); *Pattison* v. *Labor Relations Comm'n,* 30 Mass. App. Ct. 9, 15 (1991). The union filed a class action grievance and demanded arbitration on the assault pay benefits issue. There was a final judgment on the merits when the Superior Court judge confirmed the arbitrator's award and the parties did not appeal. The union grieved the matter on behalf of the entire class; it has had its day in court on behalf of its membership unit.

For the reasons discussed in *DaLuz* v. *Department of Correction, supra* at 47-48, the award of the arbitrator, having been confirmed, is final. The judgment of the Superior Court is vacated, and the case is remanded to that court for entry of a judgment consistent with this opinion.

*So ordered.*

*Edward J. DeAngelo,* Assistant Attorney General, for the defendants.

*Matthew E. Dwyer (Paul M. Facklam, Jr.,* with him) for the plaintiff.